JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ERIC M. DYE, and individual; GO ORANGE COMMUNICATIONS; and DOES 1-10,<br><br>Defendants. | CASE NO. 8:18-cv-00341-DOC-PLA<br><br>**JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS ERIC M. DYE AND GO ORANGE COMMUNICATIONS** |

For the reasons set forth in the Court's prior rulings on Plaintiff's motions for default judgment and related relief, the Court hereby enters **JUDGMENT** and a **PERMANENT INJUNCTION** against Defendants Eric M. Dye and Go Orange Communications ("Defendants"), and **ORDERS** as follows:

## I. JUDGMENT

Judgment is entered in favor of Plaintiff Entrepreneur Media, Inc. ("EMI") on all claims asserted in the Complaint (*see* Dkt. No. 1), and the Court hereby **FINDS** that Defendants' conduct constitutes:

1. Trademark infringement in violation of 15 U.S.C. § 1114;
2. Unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);
3. Common law trademark infringement under California law; and
4. Common law unfair competition under California law.

## II. PERMANENT INJUNCTION

A. Defendants, and their principals, officers, directors, members, partners, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them (collectively, "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, are hereby **PERMANENTLY ENJOINED** and shall immediately:

    i. cease all use and never use the ENTREPRENEUR PODCAST NETWORK mark, the EMI Marks, or any other mark likely to cause confusion with the EMI Marks, in connection with the promotion, advertising, offering for sale, or sale, of any products or services, including on the Social Media Accounts and the Dye Accounts;[1]

---

[1] The "Social Media Accounts" and "Dye Accounts" are defined as they are in the Complaint. *See* Compl. ¶¶ 41-42.

ii. never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by the Enjoined Parties is in any manner associated or connected with EMI, or are licensed, approved, or authorized in any way by EMI;

iii. never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that the Enjoined Parties, or any of their goods or services, are related to, authorized, or sponsored by EMI;

iv. cease all use of the Social Media Accounts (*i.e.*, https://www.facebook.com/ePodcastNetwork; https://twitter.com/epodcastnetwork; http://feedpress.me/ePodcastNetwork; https://www.pinterest.com/ericmdye/epn-epodcastnetwork-com/; https://twitter.com/EricDye; https:///www.linkedin.com/in/ericmdye/; and https://www.flickr.com/photos/22678876@N02/), and any similar accounts or social media websites, and never register any social media account that contains the ENTREPRENEUR PODCAST NETWORK mark, any of the EMI Marks, or any other social media account confusingly similar to any of the EMI Marks;

v. transfer to EMI all of the Enjoined Parties' Social Media Accounts used to promote the ENTREPRENEUR PODCAST NETWORK mark, including all such accounts in the Enjoined

|    |        | Parties' possession, custody, or control that include the word |
|----|--------|---|

1                      Parties' possession, custody, or control that include the word

2                      "entrepreneur" or any misspelling thereof, or are otherwise

3                      confusingly similar to or contain any of the EMI Marks;

4       vi.      never register any domain name that contains any of the EMI

5                      Marks, any misspelling thereof, or any domain name

6                      confusingly similar to any of the EMI Marks;

7       vii.     transfer to EMI all domain names in the Enjoined Parties'

8                      possession, custody, or control that include the word

9                      "entrepreneur" or any misspelling thereof, or are otherwise

10                     confusingly similar to or contain any of the EMI Marks;

11      viii.    never unfairly compete with EMI in any manner whatsoever, or

12                     engage in any unfair, fraudulent, or deceptive business practices

13                     that relate in any way to the production, distribution, marketing,

14                     and/or sale of products and services bearing any of the EMI

15                     Marks; and

16      ix.      never apply for or seek to register any mark that is likely to

17                     cause confusion with any of the EMI Marks.

      B.     The Enjoined Parties shall file with the Court and serve upon EMI's counsel, within thirty (30) days after service of this Order, a report in writing under oath setting forth in detail the manner and form in which the Enjoined Parties have complied with the Permanent Injunction.

      C.     To give practical effect to the Permanent Injunction, the social networking service or entity (e.g., Twitter, Facebook) related to any of the social media accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer, disable, or otherwise cancel those subject accounts at EMI's request if the Enjoined Parties have not already done so.

      D.     To give practical effect to the Permanent Injunction, the Registry or Registrar for any of the foregoing domain names shall, within fourteen (14) days of

receipt of the order, transfer or otherwise assign those subject domain names to EMI if the Enjoined Parties have not already done so.

## III. ATTORNEYS' FEES AND COSTS

The Court **FINDS** that this is an exceptional case pursuant to 15 U.S.C. § 1117(a) due to Defendant's willful, intentional, and malicious conduct, and awards EMI $5,000 in attorneys' fees and $ 1,951.36 in costs, for a total award of $6,951.36, for which let execution issue.

## IV. RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Judgment and Permanent Injunction.

## V. DOE DEFENDANTS

The Doe Defendants 1-10 are hereby dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: September 13, 2018

_____
Honorable David O. Carter
United States District Judge